**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,                 )
425 Third Street, SW, Suite 800       )
Washington, DC 20024,                 )
                                      )
                  Plaintiff,          )        Civil Action No.
                                      )
v.                                    )
                                      )
U.S. DEPARTMENT OF EDUCATION,         )
400 Maryland Avenue, S.W.             )
Washington, D.C. 20202                )
                  Defendant.          )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As

grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized

under the laws of the District of Columbia and having its principal place of business at 425 Third

Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity,

transparency, and accountability in government and fidelity to the rule of law.  As part of its

educational mission, Plaintiff regularly requests records under FOIA to shed light on the

operations of the federal government agencies and to educate the public about these operations.

Plaintiff then analyzes the agency records and disseminates the results to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Education is an agency of the U.S. Government and is headquartered at 400 Maryland Avenue, S.W., Washington, D.C. 20202.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      Section 117 of the Higher Education Act, 20 U.S.C. § 1011f, requires U.S. institutions of higher education receiving Federal funding to report any gifts from, or contracts with, foreign sources with an aggregate value of $250,000 or more in a twelve-month period. Section 117 also authorizes the Department of Education to open an administrative investigation, and, if necessary, ask the Attorney General to initiate a civil action to enforce compliance with the law.

6.      On May 4, 2020, Plaintiff submitted a FOIA request to Defendant seeking:

   A.      All information, documents, and communication(s) between the Department and all schools currently under a Section 117 investigation regarding acceptance or reporting of foreign gifts including, but not limited to, gifts to affiliated foundations, all ancillary or foreign campuses, and individual departments or professors between January 1, 2018 and present; and

   B.      Any preliminary findings or reports that cover all open and closed investigations of the Department regarding false or misleading reporting of foreign gifts, including all source documents and information relied upon to determine findings or other report content.

7.      By letter dated May 6, 2020, Defendant acknowledged receiving Plaintiff's request and assigned it FOIA Request Number 20-01555-F.

8.      As of the date of this Complaint, Defendant has not made a determination about whether it will comply with Plaintiff's FOIA request, notified Plaintiff of any determination, or

notified Plaintiff of its right to appeal any adverse determination to the head of the agency.  Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendant is in violation of FOIA.

11.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.     Plaintiff has no adequate remedy at law.

13.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request to that agency by June 4, 2020 at the latest.

14.     Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedy.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5)

grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 23, 2020                                          Respectfully submitted,

                                                              /s/ Michael Bekesha
                                                              Michael Bekesha (D.C. Bar No. 995749)
                                                              JUDICIAL WATCH, INC.
                                                              425 Third Street S.W., Suite 800
                                                              Washington, DC 20024
                                                              Phone: (202) 646-5172

                                                              Counsel for Plaintiff